**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DANIEL J. MOORE**
Laszynski & Moore
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER LAWSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1307-CR-664 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-1109-FB-36

**August 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Christopher Lawson ("Lawson") appeals his sentence for Class B felony possession of a narcotic drug,[1] two counts of Class D felony neglect of a dependent,[2] and Class D felony possession of a syringe.[3]

We affirm.

## ISSUE

Whether Lawson's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

## FACTS

On July 2, 2011, Lawson was at an apartment where Candace Price ("Price") lived with their one-year-old daughter and four-month-old son. Lawson brought heroin to the apartment and convinced Price to take some with him. She agreed, and Lawson injected Price with the heroin. Krystal Vansoest ("Vansoest"), a DCS caseworker, arrived at Price's residence to facilitate a visit between Lawson and his children. Vansoest entered the apartment and discovered Lawson lying on the kitchen floor gasping for air with his eyes closed. Vansoest located Price on the floor behind a couch. Vansoest observed that Price was incoherent, her eyes had rolled backward, her lips were blue, and she was gargling and gasping for air. The one-year-old child was hanging off the end of the couch, holding Price's hand, while the four-month-old was lying on the couch with a

---

[1] IND. CODE § 35-48-4-6.

[2] I. C. §35-46-1-4(a).

[3] I. C. § 16-42-19-18.

2

pillow propping a bottle in his mouth. Lawson admitted to police that he was responsible for giving the heroin to Price, and that he had talked Price into using heroin with him.

On September 20, 2011, the State charged Lawson with Class B felony possession of a narcotic drug within a thousand feet of a family housing complex, two counts of Class D felony neglect of a dependent, Class D felony possession of a syringe, and Class A misdemeanor possession of paraphernalia. On February 5, 2013, Lawson pled guilty to all five charges without a plea agreement. At sentencing, the trial court found Lawson's criminal history, the extreme youth of the children present during the offense, Lawson's history of alcohol and drug abuse, and his recent violations of probation and pre-trial release as aggravating factors. The trial court found Lawson's guilty plea, his acceptance of responsibility and remorse, his mental condition, and his difficult childhood to be mitigating circumstances. The trial court imposed a fourteen (14) year sentence on Lawson's possession of heroin conviction, a three (3) year sentence on each conviction for neglect of a dependent, and a two (2) year sentence on his conviction for possession of a syringe. The trial court declined to enter a sentence on the misdemeanor possession of paraphernalia charge, finding that it merged with the possession of a syringe conviction. The trial court ordered that Lawson serve his sentences for possession of a narcotic drug and neglect of a dependent consecutively and that the sentence for possession of a syringe run concurrently to the rest of the charges. Lawson now appeals his sentence.

<u>DECISION</u>

3

Lawson argues that his sentence is inappropriate and he suggests that we should revise his sentence by ordering "concurrent sentences closer to the advisory sentence for a Class B felony." (Lawson's Br. 10).

Rule 7(B) of the Indiana Rules of Appellate Procedure gives this Court the power to revise an inappropriate sentence in light of the nature of the offense and character of the offender, giving due consideration to the trial court's decision. The defendant must persuade us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Under Rule 7(B), we seek "to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately depends upon "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id*. at 1224.

In determining whether a sentence is appropriate, we first look to the advisory sentence provided by statute.[4] *Childress*, 848 N.E.2d at 1081. Class B felony possession of a narcotic drug has a sentencing range between six (6) and twenty (20) years, with an advisory sentence of ten (10) years. I.C. § 35-50-2-5(a). Class D felony neglect of a dependent and possession of a syringe have a penalty range between six (6) months and

---

[4] Lawson committed his crimes and was sentenced before the revisions to the criminal code effective July 1, 2014. Because Lawson committed his crimes in 2011, we will apply the statutes in effect at that time.

three (3) years, with an advisory sentence of one and one-half (1 ½ ) years. I.C. § 35-50-2-7(a).

Regarding the nature of the offense and his character, Lawson argues that his sentence is inappropriate because even though he and Price faced the same charges, "on virtually identical facts, [Price] received a sentence six months over the advisory for a Class D felony, while [he] received a sentence at the maximum for a Class B felony." (Lawson's Br. 9).[5] He concedes that he has a significant criminal history, but argues that "it is not at all inconsistent with what is often seen by individuals who have had long[-]term substance abuse issues." (Lawson's Br. 8).[6]

We acknowledge that Lawson and Price were both in the apartment and overdosing on heroin in front of their young children. Their 4-month-old child was left on a couch with a bottle propped to his mouth while the one-year-old child hung on the edge of the couch holding Price's hand. However, Lawson admitted to the police that he talked Price into taking the heroin and that he injected it into her. Not even the fact that a DCS worker was coming to the apartment to facilitate a visit with his children stopped Lawson from using heroin that day. Had the DCS worker not arrived when she did, the consequences may have been far worse for everyone involved. Indeed, Price shares some

---

[5] Price pled guilty to a lesser-included offense of the B felony possession of a narcotic drug charge and one count of neglect of a dependent.

[6] Lawson was adjudicated as a delinquent for Class A misdemeanor battery, two counts of Class B misdemeanor disorderly conduct, and Class B misdemeanor criminal mischief. Lawson has the following convictions as an adult: Class D felony criminal recklessness; battery as a Class A and B misdemeanor; possession of marijuana; public intoxication; Class B misdemeanors for criminal mischief, illegal consumption alcohol, and operating a motor vehicle having never received a license. Lawson has had other alcohol related offenses dismissed as part of plea agreements. In addition, Lawson was on probation at the time of this offense and had an outstanding warrant out of Carroll County for check deception.

5

blame in this matter. Nevertheless, the record shows that at his urging to use heroin, Lawson was ultimately responsible for putting his children, their mother, and himself in harm's way.

Given the nature of Lawson's offense, including his actions of placing his very young children in danger and almost killing their mother, and Lawson's character, including his admitted significant criminal history and commission of these crimes while on probation, he has not persuaded us that his sentence is inappropriate.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.